FISH *v.* CITY OF DEARBORN.

MUNICIPAL CORPORATIONS—HOME-RULE CITIES—EMPLOYMENT OF COUNSEL—VETO.

> Home-rule city's charter vesting legislative powers in city council and empowering the council to "employ an attorney of its own selection other than and in addition to the corporation counsel, on such matters and for such period of time as it may deem necessary for the best interests of the city" empowered the council to employ plaintiff to defend city in mandamus action against city by its director of public safety to compel appropriation and balance due for salary, notwithstanding mayor's veto of resolution employing plaintiff (Dearborn Charter, §§ 5.1, 7.3; §8.23, as amended in 1949).

Appeal from Wayne; Maher (Thomas F.), J. Submitted January 17, 1958. (Docket No. 69, Calendar No. 47,259.) Decided March 4, 1958.

Assumpsit by John J. Fish against the City of Dearborn, a municipal corporation, for sums due as attorney fees. Verdict and judgment for plaintiff. Defendant appeals. Affirmed.

*John J. Fish, Jr.,* for plaintiff.

*Dale H. Fillmore,* Corporation Counsel, for defendant.

KELLY, J. The city of Dearborn appeals from a jury verdict awarding John J. Fish, plaintiff and

---

REFERENCES FOR POINTS IN HEADNOTES
37 Am Jur, Municipal Corporations § 125.

appellee, $1,150 as money earned while representing the city of Dearborn as an attorney.

Appellee was employed to defend against a mandamus action commenced in Wayne circuit court by the director of public safety of the city of Dearborn against said city, demanding that the city and its council appropriate and pay to her $4,000 as the balance due for salary.

A majority of the members of the council and the mayor disagreed as to whether the claim of the director of public safety should be recognized and paid. The mayor and his corporation counsel held that the sum should be paid. A majority of the members of the council felt otherwise, and adopted a resolution to employ plaintiff and appellee as special counsel to oppose the claim of said director.

The council's resolution of employment of plaintiff was vetoed by the mayor.

Counsel for both appellant and appellee agreed at the time of oral argument that there is only 1 question submitted to this Court, that question being: Did the mayor have the right to veto the councilmen's resolution employing special counsel? No argument is made in regard to the fact that plaintiff rendered a service or that the $1,150 awarded to him by the jury was excessive.

The answer to the 1 question submitted calls for an interpretation and construction of the charter for the city of Dearborn. Section 5.1 of the charter sets forth the powers of the city council as follows:

"There is hereby created a city council which shall have full power and authority, except as herein otherwise provided, to exercise all the legislative powers conferred upon the city by the Constitution and general laws of the State of Michigan and by this charter, including the power to make appropriations and to authorize contracts in accordance with the provisions of this charter."

Section 7.3 sets forth the powers of the mayor to veto council resolutions, and reads:

"The mayor shall have the power of veto, except as otherwise in this charter provided, which veto, with his reasons therefor in writing, must be made and filed with the city clerk on or before 4 o'clock, p.m. of the day of the next regular meeting of the council, at which said meeting the clerk shall present such veto or vetoes to the council. The council may, only at said meeting, reconsider the vote by which such proceedings were passed and adopted; and if it so elects, may, only at said meeting re-adopt such proceedings by a 2/3 vote (meaning a 5/7th vote in the case of the Dearborn council) of all the members elect, in which event the mayor shall have no further right to veto."

Section 13.7 of said charter reads, in part:

"On or before the third Monday of April the clerk of the council shall transmit the budget to the mayor for his approval or rejection, and the mayor may * * * veto any part or item thereof: provided, that he may not veto sums herein required to be approved to provide sinking funds for the payment of bonds at maturity, required to pay serial bonds at maturity, or required to pay interest on all bonds. * * *

"If, after such reconsideration, the council shall by the concurring vote of 5 members thereof, pass the budget, or such item or items, the same shall be of full force and effect, with no further power of veto."

The most important section of the charter to be considered in this case is section 8.23, the pertinent portion of which originally provided:

"Upon the recommendation of the corporation counsel, approved by the mayor, the council may retain special legal counsel to handle any matter to which the city is a party or in which the city has

an interest, or to assist and co-counsel with the corporation counsel therein, for such limited time and purpose as the mayor shall specify."

At the city election on April 4, 1949, the people amended the foregoing paragraph to read:

"Upon the recommendation of the corporation counsel, approved by the mayor, the council may retain special legal counsel to handle any matter to which the city is a party or in which the city has an interest, or to assist and co-counsel with the corporation counsel therein, for such limited time and purpose as the mayor shall specify; provided, however, the city council may employ an attorney of its own selection other than and in addition to the corporation counsel, on such matters and for such period of time as it may deem necessary for the best interests of the city."

The 1949 amendment gave to the council the right to "employ an attorney of its own selection" and the trial court did not err in submitting to the jury the question as to what amount should be awarded to plaintiff for attorney services rendered.

Judgment affirmed.    Costs to appellee.

DETHMERS, C. J., and CARR, SMITH, BLACK, EDWARDS, VOELKER, and KAVANAGH, JJ., concurred.