SWANSON *v.* CITY OF SOUTHFIELD.

MUNICIPAL CORPORATIONS—RESOLUTION OF COUNCIL—MAYOR'S VETO—
    NEWSPAPERS.

> The mayor's veto power of action by home-rule city council ex-
> tends to resolution designating official newspaper for city under
> charter provision requiring that action by council should be by
> ordinance or resolution and subjecting "ordinances, resolutions
> and proceedings of the council" to the mayoral veto (City of
> Southfield Charter §§ 4.18, 4.20).

Appeal from Oakland; Beer (William John), J.
Submitted October 4, 1961. (Docket No. 17, Calen-
dar No. 49,051.) Decided December 1, 1961.

Bill by Donald L. Swanson, as mayor and citizen,
against the City of Southfield, a home-rule city, its
councilmen, clerk and treasurer, for declaratory
judgment sustaining his veto of a council resolution
which designated an official newspaper, declaring
resolution void *ab initio,* and enjoining publication
of notices in the designated newspaper. Decree for
plaintiff. Defendants appeal. Affirmed.

*Travis, Warren & Nayer* (*Harry M. Nayer,* of
counsel), for plaintiff.

*Edward A. Elsarelli,* for defendants.

KELLY, J. This is an action by plaintiff, mayor of
the city of Southfield, against the city of Southfield,

all the members of the city council, its clerk and treasurer, to enjoin the action of a resolution of the city council adopting the Southfield Sun as the official newspaper for the city of Southfield. From a decree granting the plaintiff the injunction and relief sought, defendants appeal.

On September 26, 1960, the city council at a regular meeting adopted a resolution providing: "That the Southfield Sun be designated as the official newspaper for the city of Southfield"; further, that it was the opinion of the council that nonlegislative action was not subject to the mayor's veto and that since this resolution was of a nonlegislative nature it became effective upon adoption.

The plaintiff, in his capacity as mayor, vetoed the resolution on September 29, 1960, basing his authority to do so upon section 4.20 of the charter. No proceedings were subsequently taken by the council to overrule this veto.

In granting the injunction the lower court held that the veto powers granted to the mayor under the ordinance included both administrative and legislative acts. Defendants appeal, contending the resolution designating the Southfield Sun as the official newspaper was an administrative act and not subject to the mayor's veto.

The Southfield city charter was adopted at an election held on April 21, 1958, and became effective April 28, 1958. Section 4.18 of the charter reads:

"The council shall act only by ordinance or resolution. The word 'resolution' as used in this charter shall mean official action in the form of a motion and such action shall be limited to matters required or permitted to be done by resolution by this charter or by State law and to matters pertaining to the internal affairs or concerns of the city government. All other acts of the council, and all acts carrying a

penalty for the violation thereof, shall be by ordinance."

Section 11.8 provides that the council should annually designate the official newspaper and if the designated newspaper should cease to publish, the council should order a publication of notices, proceedings, et cetera, in some other newspaper and that the city should not be without an official newspaper for more than 30 days.

Section 4.20 of the charter states:

"The mayor shall have the power to veto all ordinances, resolutions and proceedings of the council, which veto, with his reasons therefor in writing, must be made and filed with the city clerk within 10 days and distributed to the council 48 hours prior to the time of the next regular meeting of the council. The council may, only at said meeting or at any adjournment thereof, reconsider the vote by which such proceedings were passed and adopted; and if it so elects, may, only at said meetings or at any adjournment thereof, re-adopt such proceedings by an affirmative vote of 5 of the members elect, in which event the mayor shall have no further right to veto, and in which event, all such proceedings, except ordinances, shall take effect on the day succeeding said meeting of the council; and ordinances so passed shall become effective when published according to law. All resolutions and proceedings, not vetoed by the mayor in this manner and within the time hereinabove specified, shall become effective on the day succeeding the date of the next regular meeting of the council; and ordinances not so vetoed by the mayor shall become effective when published and recorded according to the law."

The question presented in this appeal was recently decided (June 29, 1961) in *Livonia Drive-In Theatre Co.* v. *City of Livonia,* 363 Mich 438, and in deciding that appeal, we stated (pp 443, 444):

"Chapter 4, § 22, of the city charter declares that the council shall act only by ordinance or resolution, the latter term being limited to official action in the form of a motion pertaining to the internal affairs of the city government, or specifically provided for by charter or statute. The following section relates to the enactment of ordinances, it being specified that all legislation of the city must be in such form. It thus appears from the provisions of said sections that action on administrative matters was intended to be taken by resolution and in legislative matters by ordinance. The veto power of the mayor is expressly covered in section 24 of said chapter, which reads as follows:

" 'The mayor shall have the power to veto, except as otherwise in this charter provided, which veto, with his reasons therefor in writing, must be made and filed with the city clerk prior to the time of the next regular meeting of the council, at which said meeting the clerk shall present such veto or vetoes to the council. The council may, only at said meeting or at any adjournment thereof, reconsider the vote by which such proceedings were passed and adopted; and if it so elects, may, only at said meeting or at any adjournment thereof, re-adopt such proceedings by an affirmative vote of 5 of the members elect, in which event the mayor shall have no further right to veto, and in which event, all such proceedings, except ordinances, shall take effect on the day succeeding said meeting of the council; and ordinances so passed shall become effective when published according to law. All resolutions and proceedings, not vetoed by the mayor in the manner and within the time hereinabove specified, shall become effective on the day succeeding the date of the next regular meeting of the council; and ordinances not so vetoed by the mayor shall become effective when published and recorded according to law.'

"It will be noted that the quoted section refers to 'proceedings' of the council. The intent is clearly

indicated that the veto power extends to both resolutions and ordinances. The provision with reference to the taking effect of the council action in the event of the overruling of the mayor's veto is significant. All proceedings, *except ordinances,* were to be effective on the day following the action of the council. Clearly the reference to 'all such proceedings' includes action taken by resolution, the authority of the council to act being limited to one or the other of such forms of expression. The language used is wholly inconsistent with the claim that the veto power granted to the mayor by the charter does not extend to resolutions pertaining to administrative matters."

The charter of the city of Southfield extends broader power of veto ("all ordinances, resolutions, proceedings of the council") than did the charter of Livonia which contained the phrase "except as otherwise in this charter provided."

Affirmed.

DETHMERS, C. J., and CARR, BLACK, EDWARDS, KAVANAGH, and SOURIS, JJ., concurred.

OTIS M. SMITH, J., took no part in the decision of this case.