Myers, Appellee, *v.* Schiering, Auditor, City of Fairfield; Maupin, Appellant.

(No. 70-370—Decided June 30, 1971.)

12

*Mr. Maxwell N. Wear,* for appellee.
*Mr. Carl Morgenstern,* for appellant.

O'NEILL, C. J. The issue to be decided in this appeal is whether the resolution granting the permit for the operation of the sanitary landfill is subject to referendum proceedings.

It is appellant's position that, pursuant to Section 1f of Article II of the Ohio Constitution, and R. C. 731.29 and 731.30, the resolution is subject to referendum.

Section 1f of Article II reads:

"The initiative and referendum powers are hereby reserved to the people of each municipality on all questions which such municipalities may now or hereafter be authorized by law to control *by legislative action;* such powers shall be exercised in the manner now or hereafter provided by law." (Emphasis added.)

R. C. 731.29 provides, in part:

"Any ordinance or other measure passed by the legislative authority of a municipal corporation shall be subject to the referendum except as provided by Section 731.30 of the Revised Code. * * * "

R. C. 731.30 provides exceptions as follows:

"Whenever the legislative authority of a municipal corporation is required to pass more than one ordinance or other measure to complete the legislation necessary to make and pay for any public improvement, Sections 731.28 to 731.41, inclusive, of the Revised Code shall apply only to the first ordinance or other measure required to be passed and not to any subsequent ordinances and other meas-

ures relating thereto. Ordinances or other measures providing for appropriations for the current expenses of any municipal corporation, or for street improvements petitioned for by the owners of a majority of the feet front of the property benefited and to be especially assessed for the cost thereof, and emergency ordinances or measures necessary for the immediate preservation of the public peace, health, or safety in such municipal corporation, shall go into immediate effect. Such emergency ordinances or measures must, upon a yea and nay vote, receive a two-thirds vote of all the members elected to the legislative authority, and the reasons for such necessity shall be set forth in one section of the ordinance or other measure.''

Although Section 1f of Article II of the Constitution specifies that referendum is applicable only to questions which municipalities are ''authorized by law to control *by legislative action*'' (emphasis added), appellant argues that the determination of whether passage of the resolution is administrative action or legislative action is not controlling if the resolution is a matter which the municipality is authorized to control by legislative action.

That argument overlooks the fact that a city council may perform not only legislative acts, but administrative acts as well. As we recognized in paragraph one of the syllabus in *Donnelly* v. *Fairview Park* (1968), 13 Ohio St. 2d 1:

''A public body essentially legislative in character may act in an administrative capacity.''

Thus, in order for us to decide whether the resolution is subject to referendum, it is essential to determine whether passage of the resolution constituted legislative action.

Prior to the passage of the resolution in question, the city council of Fairfield enacted zoning ordinances, Section 525.01 of which created a ''heavy industrial'' category. Under Section 525.02, garbage and dumping permits could be issued in a ''heavy industrial'' area provided that permits for such uses would not be issued ''* * * unless the location of such use shall have been approved by the city council * * *.'' Thus, it appears that, in passing the reso-

lution granting the permit for operation of a sanitary landfill, the city council was acting pursuant to an existing zoning regulation.

In *Donnelly* v. *Fairview Park, supra* (13 Ohio St. 2d 1), it was held, in paragraphs two and three of the syllabus, that:

"2. The test for determining whether the action of a legislative body is legislative or administrative is whether the action taken is one enacting a law, ordinance or regulation, or executing or administering a law, ordinance or regulation already in existence.

"3. The failure or refusal of a municipal council to approve a plan for the resubdivision of land which meets the terms of a zoning ordinance already adopted and in existence is an administrative act, and an appeal from such failure or refusal to approve lies to the Court of Common Pleas under Chapter 2506, Revised Code."

We are of the opinion that the resolution in question did not enact "a law, ordinance or regulation," but constituted the "executing or administering a law, ordinance or regulation already in existence." Consequently, the passage of the resolution was not "legislative action," but was administrative action. As such, it is not subject to referendum.

It is our conclusion that the passage by a city council of a resolution granting a permit for the operation of a sanitary landfill, pursuant to an existing zoning regulation, is an administrative act and is not subject to referendum proceedings.

Therefore, the judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

SCHNEIDER, HERBERT, DUNCAN, CORRIGAN, STERN and LEACH, JJ., concur.