STATE, EX REL. BARBERIS ET AL., *v.* CITY OF
BAY VILLAGE ET AL.

(No. 898018—Decided December 9, 1971.)

Common Pleas Court of Cuyahoga County.

*Mr. Thomas B. McGowan, III,* for relator.
*Messrs. Quandt & Giffels* and *Mr. Richard J. Giffels,*
for respondents.

WHITING, J. This is an action in mandamus wherein a citizen and taxpayer of the city of Bay Village seeks to compel city council to certify a resolution to the Board of Elections of Cuyahoga County for a referendum election.

Regulations issued under the Housing and Urban Development Act of 1965 authorize payment of subsidies to a qualified owner of low-income housing if, among other things, the project has received "local official approval" for participation in the Federal rent supplement program. (31 F. R. 7563, May 21, 1966.) On June 21, 1971, council passed a resolution granting such approval for the Knickerbocker Apartments in Bay Village. Relator then circulated and filed his referendum petition.

Council refused to certify the resolution to the Board of Elections, whereupon the relator initiated this proceeding. The grounds upon which council based its refusal were (1) the resolution was an administrative act of council and (2) the city charter does not provide for the approval or rejection by the electorate of administrative acts of council. The court finds council's refusal to be lawful and proper.

Many actions of a municipal governing body are legislative. Others, however, are administrative. Ordinances and resolutions constituting administrative action are not subject to approval by the electorate in nonchartered municipalities in Ohio (*Myers* v. *Schiering* (1971), 27 Ohio St. 2d 11), but in chartered municipalities, may or may not be subject to such approval.

Whether any given action of a municipal council is legislative or administrative is a judicial question which is often difficult to answer. Council's own designation of the action as an ordinance, resolution or otherwise, is not significant. 5 McQuillin, Municipal Corporations, Sec. 16.-55. The courts have not agreed upon a definite rule for testing such action in all circumstances. However, one valid and critical test is: does council's action make a new law or does it execute a law already in existence? In the present case, the law was made by the Congress of the United States in 1965. By federal regulation the power

to decide whether or not the national purpose thereby indicated is to be locally implemented was delegated not to the local electors, but to appropriate local officials. In 1971, the members of the Council of the city of Bay Village considered the benefits offered by that legislation together with the needs of their community. When they ascertained that the city should have the benefit of the Federal rent supplement program offered by the statute, at least as to the Knickerbocker Apartments, they duly indicated their approval in a manner which they designated as a resolution. Their action, however designated, made no new law. It merely carried into local effect a law previously passed by Congress. It was, therefore, of administrative character. When the only action taken by a local governing body is an exercise of authority, delegated to it under a state or federal statute, to grant or withhold approval for the local implementation of that statute by the state or federal government, that action is administrative and not legislative. *Housing Authority* v. *Superior Court* (1950), 35 Cal. 2d 550, 219 P. 2d 457; 5 McQuillin, Municipal Corporations, Sec. 16.55.

In a charter municipality in Ohio, the peoples' reservation of the power to approve or reject administrative action taken by their governing body must be found in the charter itself. The reservation to the people of "initiative and referendum powers" by Article 11 of the Ohio Constitution and the referendum provisions of the Revised Code are limited to legislative action. *Myers* v. *Schiering* (1971), 27 Ohio St. 2d 11.

The charter of the city of Bay Village contains a paragraph designatd therein as a "referendum" provision. By definition, "referendum" refers only to the submission of legislative action to the voters. Bouvier's Law Dictionary, Baldwin's Century Edition (1948); Black's Law Dictionary, Revised Fourth Edition (1968); Webster's Third New International Dictionary (1961). However, the provision itself states that "the electors of the municipality shall have the power to approve or reject at the polls any ordinance or resolution passed by council * * *." A ques-

tion thus arises as to whether the words "any ordinance or resolution" are intended to include administrative acts of council taken in the form of ordinances and resolutions.

The people of a municipality may, by charter, reserve the power to approve or reject the administrative acts of council by popular vote. 62 Corpus Juris Secundum, Municipal Corporations, Sec. 454b; 5 McQuillin, Municipal Corporations, Sec. 16.55. This right is not one of those guaranteed by the Ohio Constitution, *Myers* v. *Schiering* (1971). 27 Ohio St. 2d 11, but at the same time, the Constitution places no restriction upon it. *State, ex rel. Snyder,* v. *Board of Elections of Lucas County* (1946), 78 Ohio App. 194, 69 N. E. 2d 634. Nevertheless, taking into consideration the inherent nature and purpose of the power, together with the intent indicated by the full text of the charter of the city of Bay Village, the words "any ordinance or resolution" as used in the "referendum" provision of that charter must be interpreted to include only ordinances and resolutions which are legislative in character.

Historically, the nature and purpose of referendum has been to review legislative action. Accordingly, the courts have almost universally limited the scope of provisions of this kind to acts which are legislative, to the extent that the word "ordinance" in such provisions has rather consistently been construed to include only ordinances which are legislative. 62 Corpus Juris Secundum 873, Municipal Corporations, Sec. 454b; 5 McQuillin, Municipal Corporations, Sec. 16.55; 122 A. L. R. 769.

The intent indicated by the Bay Village Charter is to the same effect. After stating that all legislative powers of the municipality shall be vested in council, Article 11 of the charter expressly directs that "all legislative action shall be by ordinance or resolution * * *." Nowhere does the charter state that administrative powers of council may or may not be exercised in this manner. Thus in using the words "ordinance or resolution" in the charter's "referendum" provision, the charter commission and the voters of Bay Village must be deemed to have had in mind only the legislative action that they had expressly authorized

council to take in that manner. This interpretation is reinforced by their use of the word "referendum" in the title to the article containing this provision and again as a heading for the provision itself. As previously indicated, this word refers, by definition, only to the submission of legislative action to the voters for their approval or rejection.

This holding is not contrary to the decision in *Myers* v. *Schiering* (1971), 27 Ohio St. 2d 11. The record but not the opinion in that case reveals that it involved a non-chartered municipality. By necessity, therefore, it was decided upon a basis of the referendum provisions of the Constitution and the Revised Code.

The opinion in *Sauders* v. *City of Akron* (Common Pleas, Summit County, 1950), 94 N. E. 2d 403, states that administrative action of a city council is subject to "referendum" under a charter provision that "any ordinance or resolution passed by council shall be subject to referendum * * *." This conflicts with the conservative weight of authority on the subject and, in any event, should not be extended to cases where any intent to the contrary appears in the charter, as in the instant case.

Referendum is an important and valuable right of the people. Our Supreme Court has strongly urged a liberal construction of the powers of the people over measures enacted by legislative authorities. *Shyrock* v. *City of Zanesville* (1915), 92 Ohio St. 375; *State, ex rel. City of Middletown,* v. *City Commission* (1942), 140 Ohio St. 368; *State, ex rel. Sharpe,* v. *Hitt* (1951), 155 Ohio St. 529. However, there are strong arguments for not reserving it as to every administrative act of a governing body. Should the people of Bay Village desire to make such a reservation as to all administrative acts of their city council—or as to administrative acts relating to certain specified subjects such as public housing—their proper course of action is to amend their charter.

The power of council to act in this administrative matter is not specifically set forth in the city charter. Such power is within the general terms of its Article 1 and the

208

Home Rule Provision of the Ohio Constitution. The law in this regard is settled by the decision in *Donnelly* v. *City of Fairview Park* (1968), 13 Ohio St. 2d 1, to the effect that a public body essentially legislative in character may act in an administrative capacity.

*Writ denied.*