ELLET HILLS MALL, INC., APPELLANT, *v.* BALLARD, MAYOR, ET AL., APPELLEES.

(No. 7843—Decided November 19, 1975.)

*Mr. William R. Baird* and *Mr. James R. Graves,* for appellees.

*Mr. Patrick J. Neman,* for appellant.

HUNSICKER, J. The plaintiff corporation, the appellant herein, filed an application with the Akron City Council under Section 1773.071 of the Akron Zoning Code, designated "Special non-residential development or use (conditional zoning)." The application asked for the right to develop 63.4 acres of land, zoned single family residential, for commercial use.

After complying with the procedural process, the plan submitted by plaintiff was adopted by the Akron City Council, by a vote of 7 for approval of the application and 6 against the application. The Mayor of Akron vetoed the act of council within the proper time limitation set out in the Akron City Code.

A complaint was then filed in the Court of Common

Pleas by plaintiff which stated that the act of Council was an administrative matter, not legislative; hence, it was not subject to a veto by the Mayor. A stipulation of facts was approved by the parties. The trial court found, in pertinent part, that:

"* * * the veto of the Mayor of the City of Akron on February 8, 1975, of Ordinance 84-1975, is valid and that said exercise of veto by the Mayor of the City of Akron is a proper exercise of the authority of the Mayor in such matters. * * *"

The sole question before this court relates to the nature of the action of Council when it approved the conditional zoning of the 63.4 acres of residential land for use as a commedcial shopping mall. Was Council's action in the instant matter administrative or legislative? We believe Council could act under certain circumstances as an administrative body, but such acts never the less could be, under the charter, subject to a veto by the Mayor.

It is the position of plaintiffs, hereinafter referred to as Ellet Mall, that the zoning code, which is comprehensive in nature, was enacted by City Council and approved by the Mayor so that such code fixes the terms and procedure as to the manner by which variances, changes, permissive uses and conditional zoning shall be granted. Ellet Mall insists that all action taken for such variances or permissive uses are administrative actions and not related to legislative action since the underlying land use for the district in the within case would still remain residential and only 63.4 acres would be given a permit allowing the construction of a shopping center. Ellet Mall also insists that since the act of Council was purely administrative, the veto by the Mayor was a nullity and, hence, of no effect. If the city wishes to disapprove the act of granting zoning changes under Chapter 1773, of the zoning code, the remedy is to file an action under R. C. Chapters 2505 and 2506, the administrative procedure act.

We are acquainted with the recent opinions of the Supreme Court of Ohio where the subject herein is discussed. *Donnelly* v. *Fairview Park* (1968), 13 Ohio St. 2d 1; *Myers* v. *Schiering* (1971), 27 Ohio St. 2d 11. The

type of provision found in the Akron City Charter is not mentioned in either of those cases.

So far as we know, none of the above cases involves a city charter which has language similar to that found in the Akron City Charter.

Section 7, Article XVIII of the Constitution of Ohio, states:

"Any municipality may frame and adopt or amend a charter for its government and may, subject to the provisions of section 3 of this article, exercise thereunder all powers of local self-government."

R. C. 731.17, in pertinent part, states: No by-law, ordinance, or resoultion, of a general or permanent nature, or granting a franchise, or *creating a right * * *"* shall be passed unless it complies with all of the requirements relating to the adoption of ordinances and resolutions. (Emphasis added.) 1 *Crowley's Ohio Municipal Law* (Gotherman's rev.), Section 11.01 states:

"The action of the legislative authority of a municipal corporation shall be by ordinance or resolution (R. C. 731.-17), unless provided differently by charter."

The Akron City Charter, Section 34, Procedure of Council, states:

"*The Council shall act only by ordinance or resolution.* The affirmative vote of the majority of the members elected to the Council shall be necessary to adopt any ordinance or resolution. The vote upon the passage of all ordinances and resolutions shall be taken by 'Yeas' and 'Nays' and entered upon the journal. Each proposed ordinance or resolution shall be introduced in written or printed form and shall not contain more than one subject, which shall be clearly stated in the title; but general appropriation ordinances may contain the various subjects and accounts for which moneys are to be appropriated. The enacting clause of all ordinances passed by the Council shall be: 'BE IT ENACTED BY THE COUNCIL OF THE CITY OF AKRON.' The enacting clause of all ordinances submitted by initiative shall be: 'BE IT ENACTED BY THE PEOPLE OF THE CITY OF AKRON.' No ordinance unless it be declared an emergency measure, shall

be passed until it has been read on three separate days or the requirement of reading on three separate days has been dispensed with by a vote of seven members of the Council." (Emphasis supplied.)

The authorization for the special use of the 63.4 acres is called Ordinance 84-1975 and is denominated "Conditional Zoning," and is designated therein as legislation. It was proposed as an emergency measure but it failed to receive a two-thirds vote of the members of council. In other words, Council believed it was acting as a legislative body.

Section 57 of the Akron City Charter, reads:

"*Every ordinance or resolution of Council shall, before it goes into effect, be presented to the Mayor for approval.* The Mayor, if he approves it, shall sign and return it forthwith to Council. If he does not approve it, he shall within ten days after its passage or adoption, return it with his objection to Council, or if Council is not in session, to the next regular meeting thereof, which objections Council shall cause to be entered upon its journal. The Mayor may approve or disapprove the whole or any item of any ordinance appropriating money. If he does not return such ordinance or resolution within the time limited in this section, it shall take effect in the same manner as if he had signed it unless Council, by adjournment, prevents its return. When the Mayor disapproves an ordinance or resolution or any part thereof, and returns it to the Council with his objections, Council may, after ten days, reconsider it, and if such ordinance, resolution or item, upon reconsideration is approved by the votes of two-thirds of all the members elected to Council, it shall then take effect as if signed by the Mayor. (V 97 p 493; Approved by voters Sept. 12, 1967.)" (Emphasis supplied.)

The citizens of Akron established the manner in which Council could act in "creating any right," as provided in R. C. 731.17, and that manner of acting invested the Mayor with power of approval or disapproval. Certainly, the citizens of Akron could have chosen any lawful method for Council to act, but they placed a restriction on Council's actions, whether such be ordinances or resolutions. We

must abide by that decision since the Charter is the fundamental law of the city of Akron.

The cases that counsel for Ellet Mall has presented to us holding that an administrative act is not subject to the approval of the Mayor do not involve a charter city where a charter like that of Akron is discussed, with the exception of *Livonia Drive-in Theatre Co.* v. *City of Livonia* (1961), 363 Mich. 438, 109 N. W. 2d 837. The judgment of the trial court is affirmed.

*Judgment affirmed.*

BRENNEMAN, J., concurs.
MAHONEY, P. J., dissents.

HUNSICKER, J., retired, was assigned to active duty under authority of Section 6(C), Article IV, Constitution.

MAHONEY, J., dissenting. I agree with my colleagues that the action of the Akron City Council in this case was an administrative function. I disagree with their holding that Sections 34 and 57 of the Charter mandate a further administrative review of "permissive uses" or "conditional zoning" by the Mayor.

When Council amended the zoning ordinance in 1964 by creating permissive uses or conditional zoning, it was a legislative enactment in which they reserved to themselves, not the Mayor, the power to act in an administrative capacity. The Mayor could have vetoed that ordinance. The ordinance before this court is not a new law, but administers a portion of the law already in existence. See, *Donnelly* v. *Fairview Park* (1967), 13 Ohio St. 2d 1. The power to grant permissive uses, which the majority believe is a "created right" under R. C. 731.17, was actually created by the 1964 zoning amendment and not by this present ordinance.

The veto power of the Mayor is limited to legislative enactments and not to administrative actions by council. If the Mayor can use his veto to review an administrative

enactment, as the majority has determined, can City Council then try to override the Mayor's veto in yet another review of the administrative process? Is this action then subject to referendum? How and when does the appellate process begin?

I submit that the mayor is without power to administratively review Council's action without express authority for the review having been delegated to him by Council. The 1964 amendments on conditional zoning did not give him that right.