THE STATE, EX REL. KLEEM ET AL., v. KAFER, MAYOR, ET AL.

(No. 45888—Decided May 2, 1983.)

*Messrs. Shapiro, Turoff & Gisser, Mr. Fred D. Shapiro* and *Mr. Alan Belkin,* for relators.

*Mr. James N. Walters III,* for respondents.

DAY, P.J. Two representative resident taxpayers and qualified voters of the city of Berea, John Kleem and William Clements (relators), seek a writ of mandamus to compel Berea Director of Finance, Robert Routson[1] (respondent), to certify relators' petition of referendum to the Cuyahoga County Board of Elections. For the reasons adduced below, the relators' amended complaint in mandamus is dismissed.

I

The parties stipulated the facts. On July 12, 1982, the City Council for Berea passed Ordinance No. 1982-80. Two days later, the Mayor of Berea signed his approval. Ordinance No. 1982-80 authorizes entry into a contract for architectural services to alleviate overcrowding in the Berea Municipal Building.[2] The services requested consisted of: a design for construction of a new building to house non-court facilities and to be connected by a covered walkway to the existing Municipal Building; and a design for renovation of the existing building to eliminate the present non-court facilities replacing them with courtrooms and support facilities.

The parties stipulated that two prior ordinances were passed by Berea City Council. Ordinance No. 1981-10 authorized the entry into a contract for consulting and architectural services to prepare preliminary drawings, specifications, cost estimates, and a study of needs of the Berea Municipal Court within the existing Berea Municipal Building. Ordinance No. 1982-37 authorized the entry into a contract for an architectural study and report on costs of acquiring and renovating certain buildings for use by Berea Municipal Court.

Within the time limits established by state and local law the relators gathered more than the requisite number of valid signatures on petitions calling for the submission of Ordinance No. 1982-80 to voter approval by referendum. Relators duly filed the petitions with Routson who declined to certify.

Respondents raise no challenge to the technical validity of the petitions.[3]

II

R.C. 1901.36 mandates that the "legislative authority" of the municipal corporations in Ohio "provide suitable accommodations for the municipal court and its officers." Under the Ohio Constitution, Section 1f, Article II, and decisional law,[4] the referendum procedure is limited to review of only those activities of municipal governments which municipalities are empowered to control by legislative action. And, "[i]f * * * the action of a

---

[1] Also named as a respondent in the amended complaint (petition) is the Mayor of Berea, Jack Kafer.

[2] Although not stipulated, respondents argue without dispute, that an increase in the population of the district served by Berea Municipal Court triggered the state law requirement (under R.C. 1901.05) that the court have a second municipal judge. The addition,

the respondents argue, has created a need for expanded facilities.

[3] No issue exists regarding the form of the petitions, the manner of circulation, sufficiency of the number of valid signatures, or conformity with statutory requirements on timeliness.

[4] *Myers* v. *Schiering* (1971), 27 Ohio St. 2d 11, 13-14 [56 O.O.2d 6].

legislative body creates a law, that action is legislative, but if the action of that body consists of executing an existing law, the action is administrative." *Donnelly* v. *Fairview Park* (1968), 13 Ohio St. 2d 1, 4 [42 O.O.2d 1].

R.C. 731.30 provides that where a series of ordinances are necessary to make and pay for a public improvement, the referendum procedure is available only to challenge the first ordinance relating to the improvement but not subsequent ones. Respondents contend that Ordinance No. 1982-80 is the third ordinance relating to the Municipal Building improvements.

## III

There are two issues in this case basic to whether Ordinance No. 1982-80 must be submitted to referendum based on proper petitions: (1) whether Ordinance No. 1982-80 constitutes legislative or administrative activity by the Berea City Council; and (2) if the councilmanic action was legislative, whether the ordinance is a first ordinance within the meaning of R.C. 731.30.

## IV

Ordinarily, mandamus does not lie to control official discretion but it will reach a non-discretionary administrative act, cf. *Wapakoneta* v. *Helpling* (1939), 135 Ohio St. 98, 102-103, 106-107 [13 O.O. 460].

The difficulty with that generalization in this case lies in the fact that mandamus is sought not to effect a legislative end (that would be improper) but to compel submission of an act of council to popular approval or disapproval by referendum. But referendum itself is not required unless the action by council is legislative, *Myers* v. *Schiering, supra.* Here the details of council's obligation to provide court facilities may be somewhat amorphous, but the core duty, imposed by R.C.

1901.36, is clear. Thus, because court facilities are part of the building improvements involved, there is a strong argument that the ordinance is administrative in nature and not the proper subject of referendum. If this is so, then a compelled referendum is *not* the proper object of an order in mandamus. Beyond this the duty to refer dissolves if an action otherwise clearly legislative is not a first action on the subject of a public improvement, R.C. 731.30.

If only court facilities were implicated, the mandate of R.C. 1901.36 would surely transform Ordinance No. 1982-80 into an administrative act responding to the statute and not subject to referendum and, therefore, not responsive to mandamus to compel referendum. However, if one assumes that commingling court and other non-court facility construction purges the present cause of its administrative character, mandamus relief to compel referendum is still inappropriate, for the ordinance under attack represents the third legislative action on the public improvement in question. This condition withdraws it from referendum review and eliminates the duty of the Director of Finance, Robert Routson, to accept relators' referendum petitions for filing.

In fine, no cause of action in mandamus is stated.

## V

Treating respondents' request for a denial of the writ as a motion to dismiss, the amended complaint (petition) for a writ of mandamus is dismissed.

It is ordered that respondents recover of relators their costs herein taxed.

*Petition dismissed.*

JACKSON and NAHRA, JJ., concur.