**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Clark v. Twinsburg*, Slip Opinion No. 2022-Ohio-3089.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2022-OHIO-3089

THE STATE EX REL. CLARK *v*. THE CITY OF TWINSBURG ET AL.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Clark v. Twinsburg*, Slip Opinion No. 2022-Ohio-3089.]**

*Mandamus—A clerk has a mandatory, ministerial duty to transmit a petition to the board of elections for its signature verification ten days after the date on which the petition was filed—Limited writ granted.*

(No. 2022-0995—Submitted August 31, 2022—Decided September 2, 2022.)

IN MANDAMUS.

————————————

**Per Curiam.**

{¶ 1} Relator, Lynn A. Clark, seeks a writ of mandamus ordering respondents—the city of Twinsburg, City Clerk of Council Shannon Collins, and Law Director Matt Vazzana (collectively, "the city")—to transmit a referendum petition to the Summit County Board of Elections. The city refused to transmit the

petition to the board on the ground that the measure in question was an administrative act and therefore not subject to referendum.

**{¶ 2}** Because Collins has a ministerial duty to transmit Clark's petition to the board, we grant a limited writ ordering her to do so. We express no opinion on whether the measure in question is an administrative act not subject to referendum.

## I. FACTUAL AND PROCEDURAL BACKGROUND

**{¶ 3}** In May 2022, the Twinsburg Planning Commission recommended a final site plan for a proposed development known as Project Gumbo. The property to be developed under Project Gumbo is in an "I-2 industrial zoning district." The site plan for Project Gumbo included building heights of 45 feet.

**{¶ 4}** Resolution No. 57-2022, a resolution to confirm the planning commission's approval of the final site plan for Project Gumbo, was on the Twinsburg City Council's May 24, 2022 meeting agenda. During the acceptance of public comments at that meeting, an issue was raised as to whether the height of various buildings in Project Gumbo complied with Twinsburg's zoning code. Following this and other public comments concerning Project Gumbo, the council continued its consideration of Resolution No. 57-2022 until the next council meeting, which was scheduled for June 14.

**{¶ 5}** After the May 24 meeting, Vazzana investigated the situation and determined that the maximum height of any building in an I-2 industrial zoning district is 35 feet. Thereafter, Vazzana revised Resolution No. 57-2022 to include a stipulation that no building height in Project Gumbo would exceed 35 feet. At its June 14 meeting, the council passed revised Resolution No. 57-2022, which stated that the planning commission approved the final site plan of Project Gumbo "**with the condition that the project's building height not exceed thirty-five feet**." (Boldface and underlining sic.)

**{¶ 6}** On July 13, citing "R.C. 2505 and 2506," Clark filed a notice of an administrative appeal of Resolution No. 57-2022 in the Summit County Court of

2

Common Pleas. That same day, Clark and three other petitioners filed with Collins a referendum petition seeking to place Resolution No. 57-2022 on the November 8, 2022 general-election ballot. On July 21, however, Vazzana advised Clark that the referendum petition would not be transmitted to the board, because Resolution No. 57-2022 was not subject to referendum.

**{¶ 7}** Clark commenced this action on August 11, seeking a writ of mandamus requiring the city to transmit the referendum petition and a certified copy of Resolution No. 57-2022 to the board. Respondents filed an answer, denying that Resolution No. 57-2022 is subject to referendum or that they have a clear legal duty to transmit the referendum petition to the board. The parties submitted evidence and filed merit briefs in accordance with this court's expedited schedule in S.Ct.Prac.R. 12.08. The case is now ripe for decision.

## II. OVERVIEW OF REFERENDUM PROCESS

**{¶ 8}** Under Section 9.02 of Twinsburg's charter, the electors of the city have reserved the power to approve or reject "any ordinance or other measure enacted by Council by referendum petition submitted to the Clerk of Council in accordance with the provisions of the Constitution or laws of Ohio now or hereafter in effect." Thus, the referendum process in Twinsburg is governed by R.C. 731.29 through 731.41, except when any procedure in those statutes conflicts with the charter's provisions. *See State ex rel. Ditmars v. McSweeney*, 94 Ohio St.3d 472, 477, 764 N.E.2d 971 (2002).

**{¶ 9}** R.C. 731.29, the relevant statute in this case, states:

> When a petition, signed by ten per cent of the number of electors who voted for governor at the most recent general election for the office of governor in the municipal corporation, is filed with the city auditor or village clerk within thirty days after any ordinance or other measure is filed with the mayor or passed by the legislative

3

authority of a village, * * * such auditor or clerk *shall, after ten days, and not later than four p.m. of the ninetieth day before the day of election, transmit a certified copy of the text of the ordinance or measure to the board of elections*. The auditor or clerk shall transmit the petition to the board together with the certified copy of the ordinance or measure. The board shall examine all signatures on the petition to determine the number of electors of the municipal corporation who signed the petition. The board shall return the petition to the auditor or clerk within ten days after receiving it, together with a statement attesting to the number of such electors who signed the petition. The board shall submit the ordinance or measure to the electors of the municipal corporation, for their approval or rejection, at the next general election occurring subsequent to ninety days after the auditor or clerk certifies the sufficiency and validity of the petition to the board of elections.

(Emphasis added.)

{¶ 10} Though R.C. 731.29 specifies the city auditor or village clerk as both the official with whom to file a referendum petition and the official who has the duty to transmit the petition to the board, it is permissible for a charter municipality to designate, as Twinsburg has in its charter, a different official to fill those roles. *See Ditmars* at 477; *see also State ex rel. Julnes v. S. Euclid City Council*, 130 Ohio St.3d 6, 2011-Ohio-4485, 955 N.E.2d 363, ¶ 26-27. And in this case, the city does not dispute that Collins is the appropriate official with whom Clark had to file the referendum petition regarding Resolution No. 57-2022. The dispute in this case is whether Collins has a clear legal duty to transmit the petition to the board for an examination of the signatures.

4

### III. ANALYSIS

#### A. Laches

{¶ 11} The city asserts that Clark's request for a writ of mandamus is barred by the doctrine of laches. "Extreme diligence and promptness are required in elections-related matters." *State ex rel. Commt. for the Charter Amendment, City Trash Collection v. Westlake*, 97 Ohio St.3d 100, 2002-Ohio-5302, 776 N.E.2d 1041, ¶ 16. Laches will bar an action when there is (1) an unreasonable delay or lapse of time in asserting a right, (2) the absence of an excuse for the delay, (3) actual or constructive knowledge of the injury or wrong, and (4) prejudice to the opposing party. *State ex rel. Carrier v. Hilliard City Council*, 144 Ohio St.3d 592, 2016-Ohio-155, 45 N.E.3d 1006, ¶ 8. A laches defense "rarely prevails in election cases." *State ex rel. Duclos v. Hamilton Cty. Bd. of Elections*, 145 Ohio St.3d 254, 2016-Ohio-367, 48 N.E.3d 543, ¶ 8.

{¶ 12} Clark acknowledges that on July 21, eight days after submitting the referendum petition to the city, Vazzana advised the petitioners who had submitted the referendum petition that the city would not be transmitting the petition to the board. And the city had not done so by the deadline for transmitting Clark's referendum petition to the board under R.C. 731.29. Yet Clark waited until August 11 to file this action. The city argues that Clark's delay caused this case to automatically become an expedited election matter under S.Ct.Prac.R. 12.08 and that the laches defense should bar relief in mandamus.

{¶ 13} Laches is not a bar to this action. A party asserting a laches defense must demonstrate that it has been *materially* prejudiced by the other party's delay. *See State ex rel. Pennington v. Bivens*, 166 Ohio St.3d 241, 2021-Ohio-3134, 185 N.E.3d 41, ¶ 29 (denying laches defense when respondents "[did] not provide any concrete details as to how their preparation and defense [were] materially affected"). The city has made no such showing here, relying solely on the fact that this case would not have been automatically expedited had Clark filed sooner. But

given the proximity of the November 8 election, it is likely that even if Clark had filed at the earliest possible time after the case ripened, we would have ordered this case to be expedited. Under these circumstances, the city has not demonstrated the material prejudice that would allow a laches defense.

### B. *Jurisdictional-Priority Rule Is Inapplicable*

**{¶ 14}** The city also argues that this action is barred by the jurisdictional-priority rule. The jurisdictional-priority rule provides that as between state courts of concurrent jurisdiction, the tribunal whose power is first invoked acquires exclusive jurisdiction to adjudicate the whole issue and settle the rights of the parties. *State ex rel. Consortium for Economic & Community Dev. for Hough Ward 7 v. Russo*, 151 Ohio St.3d 129, 2017-Ohio-8133, 86 N.E.3d 327, ¶ 8. Because Clark filed an R.C. Chapter 2506 administrative appeal in common pleas court before filing this mandamus action, respondents contend that this action should be dismissed.

**{¶ 15}** In general, the jurisdictional-priority rule applies only when the causes of action *are the same in both cases*. *State ex rel. Shimko v. McMonagle*, 92 Ohio St.3d 426, 429, 751 N.E.2d 472 (2001). But this mandamus action and the administrative appeal in common pleas court involve different claims that seek different forms of relief. *See State ex rel. Ebsersole v. Delaware Cty. Bd. of Elections*, 140 Ohio St.3d 487, 2014-Ohio-4077, 20 N.E.3d 678, ¶ 35. The remedy Clark ultimately seeks through this mandamus proceeding is a public vote on the referendum. But an administrative appeal does not provide such a remedy: the administrative appeal could overturn Resolution No. 57-2022 as improper, but it cannot achieve Clark's goal of placing a referendum on the ballot. *See id.* Accordingly, the jurisdictional-priority rule is inapplicable.

### C. *Mandamus Claim*

**{¶ 16}** To be entitled to a writ of mandamus, Clark must establish by clear and convincing evidence (1) a clear legal right to the requested relief, (2) a clear

legal duty on the part of the city to provide it, and (3) the lack of an adequate remedy in the ordinary course of law. *See State ex rel. Nauth v. Dirham*, 161 Ohio St.3d 365, 2020-Ohio-4208, 163 N.E.3d 526, ¶ 11. As to the third element, Clark lacks an adequate remedy in the ordinary course of law due to the proximity of the election, which is approximately two months away. *See, e.g.*, *State ex rel. West v. LaRose*, 161 Ohio St.3d 192, 2020-Ohio-4380, 161 N.E.3d 631, ¶ 15 (no adequate remedy in the ordinary course of law when the election was less than two months away); *State ex rel. Finkbeiner v. Lucas Cty. Bd. of Elections*, 122 Ohio St.3d 462, 2009-Ohio-3657, 912 N.E.2d 573, ¶ 18-19 (same).

**{¶ 17}** The city argues that Clark has an adequate remedy to challenge Resolution No. 57-2022: an administrative appeal to the common pleas court. But the city's argument is flawed for the same reason that the jurisdictional-priority rule does not apply. As stated above, an administrative appeal under R.C. Chapter 2506 does not accomplish what Clark seeks in this action, which is a writ of mandamus ordering Collins to transmit the petition to the board and start the process of placing a referendum on Resolution No. 57-2022 on the November 8 ballot. It is therefore incorrect for the city to say that an administrative appeal is an adequate remedy to achieve what Clark wants. *See Ebersole* at ¶ 35.

**{¶ 18}** Accordingly, the dispositive issue is whether Clark has established a right to the requested relief and whether Collins has a duty to provide it. *See Ditmars*, 94 Ohio St.3d at 474, 764 N.E.2d 971. Reading Section 9.02 of Twinsburg's charter and R.C. 731.29 together establishes the following procedure for placing a referendum on the ballot: (1) petitioners timely submit their referendum petition to Collins, the clerk of council, (2) Collins holds the petition for ten days, (3) Collins transmits the petition to the board along with a certified copy of the ordinance or measure in question, (4) within ten days, the board examines the petition, attests to the number of valid signatures on it, and returns the petition to Collins, (5) Collins certifies to the board the validity and sufficiency of

the petition, and (6) the board submits the ordinance or measure to the electors at the next election occurring 90 days after Collins's certification. *See State ex rel. Luonuansuu v. King*, 161 Ohio St.3d 178, 2020-Ohio-4286, 161 N.E.3d 619, ¶ 4.

{¶ 19} In this case, the referendum petition never got past the first step— Collins did not transmit the petition and a certified copy of Resolution No. 57-2022 after ten days, because Vazzana advised that the measure was *administrative* and therefore not subject to referendum. *See Buckeye Community Hope Found. v. Cuyahoga Falls*, 82 Ohio St.3d 539, 697 N.E.2d 181 (1998), paragraphs two and three of the syllabus. But Collins did not have the discretion to withhold the referendum petition on that ground. Under Twinsburg's charter and R.C. 731.29, Collins had "a *mandatory, ministerial duty* to transmit the petitions to the board of elections for its signature verification after ten days had elapsed from the date the petitions were filed." (Emphasis added.) *State ex rel. Oberlin Citizens for Responsible Dev. v. Talarico*, 106 Ohio St.3d 481, 2005-Ohio-5061, 836 N.E.2d 529, ¶ 14. Collins abused her authority by refusing to transmit the referendum petition "based upon a judicial or quasi-judicial determination" that Resolution No. 57-2022 was administrative rather than legislative. *Id.* at ¶ 16; *see also State ex rel. N. Main St. Coalition v. Webb*, 106 Ohio St.3d 437, 2005-Ohio-5009, 835 N.E.2d 1222, ¶ 31 (a village clerk "improperly engaged in a judicial or quasi-judicial determination to decide the manifestly substantive issue[] of whether the ordinance proposed by relators' initiative petition involved a subject that the village was authorized to control by legislative action"); *State ex rel. Barberis v. Bay Village*, 31 Ohio Misc. 203, 204, 281 N.E.2d 209 (C.P.1974) ("Whether any given action of a municipal council is legislative or administrative is a judicial question") (cited with approval in *Oberlin Citizens for Responsible Dev.* at ¶ 16). We therefore grant a limited writ directing Collins to transmit the referendum petition and a certified copy of Resolution No. 57-2022 to the Summit County Board of Elections.

**{¶ 20}** We recognize that in a similar case, *Oberlin Citizens for Responsible Dev.*, we did not grant the relator a writ of mandamus despite finding that the city auditor had violated his clear legal duty by not transmitting a referendum petition to the board under R.C. 731.29. Instead, "given the proximity of the election," we considered whether the measure at issue was administrative or legislative. *Oberlin Citizens for Responsible Dev.* at ¶ 20. We ultimately denied the writ because we found that the measure was administrative and therefore not subject to referendum. *Id.* at ¶ 21-31. We cautioned, however, that city officials "exceed their ministerial and limited discretionary authority * * * by deciding whether ordinances are legislative or administrative for purposes of determining whether they are subject to initiative or referendum." *Id.* at ¶ 35.

**{¶ 21}** In this case, we do not address the issue whether Resolution No. 57-2022 is properly subject to referendum. In *Oberlin Citizens for Responsible Dev.*, we were faced with a tighter time frame, with the election in that case just 42 days away from the date on which we rendered our decision. In this case, the election at which Clark seeks to place Resolution No. 57-2022 on the ballot is almost one month further away than the election in *Oberlin Citizens for Responsible Dev.* Accordingly, we do not find it necessary to address whether Resolution No. 57-2022 is subject to referendum.

## IV. CONCLUSION

**{¶ 22}** For the foregoing reasons, we grant a limited writ ordering Collins to transmit forthwith the referendum petition and a certified copy of Resolution No. 57-2022 to the Summit County Board of Elections pursuant to R.C. 731.29.

Limited writ granted.

O'CONNOR, C.J., and FISCHER, DONNELLY, STEWART, and BRUNNER, JJ., concur.

KENNEDY and DEWINE, JJ., concur in judgment only.

––––––––––––––––––

Mendenhall Law Group, Warner Mendenhall, and Logan Trombley, for relator.

Brouse McDowell, L.P.A., Irving B. Sugerman, and Matthew G. Vansuch, for respondents.

————————————