**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Carrier v. Hilliard City Council,* Slip Opinion No. 2016-Ohio-155.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2016-OHIO-155

THE STATE EX REL. CARRIER ET AL. *v.* HILLIARD CITY COUNCIL.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Carrier v. Hilliard City Council,* Slip Opinion No. 2016-Ohio-155.]**

*Elections—Mandamus—Action to compel placement of proposed amendment to city charter on ballot—Writ granted.*

(No. 2015-2061—Submitted January 6, 2016—Decided January 19, 2016.)

IN MANDAMUS.

————————————

**Per Curiam.**

{¶ 1} In this expedited election case, relators, Les Carrier, Andrew Teater, Paul Lambert, Tracy Kovalchik, and Larry Earman (collectively, "Carrier"), seek a writ of mandamus to compel respondent, the Hilliard City Council, to approve an ordinance placing a proposed city-charter amendment on the March 15, 2016 ballot. We grant the writ.

*Background*

**{¶ 2}** The essential facts are not in dispute. On November 2, 2015, a petition to amend the city charter was submitted to the clerk of the Hilliard City Council. The proposed initiative would add two sections to the Hilliard City Charter.

**{¶ 3}** Each proposed addition consists of a heading in all capital letters and boldface type, followed by the text of the proposal. The first paragraph is captioned:

**ARTICLE XII, SECTION 12.09 — REFERENDUM AND EFFECTIVE DATE ON ZONING ORDINANCES**

This section would make all zoning ordinances subject to referendum. To allow time for such referenda, zoning ordinances would not go into effect until 60 days after their passage by city council.

**{¶ 4}** The second paragraph of the proposed charter amendment is captioned:

**ARTICLE XII, SECTION 12.10 — PROHIBITION OF CREATION OF TAX INCREMENT FINANCING INCENTIVE DISTRICTS FOR DWELLING UNIT IMPROVEMENTS AND PROHIBITION OF DECLARATION OF DWELLING UNIT IMPROVEMENTS TO BE A PUBLIC PURPOSE**

**{¶ 5}** The charter language that follows this caption, if adopted, would (1) forbid the city council to declare an improvement to a parcel to be a "public purpose" if the improvement includes the construction or creation of one or more

dwelling units and (2) forbid the city council to create an "incentive district" (as defined in R.C. Chapter 5709) unless the city council excludes dwelling units from the district. The proposed amendment then defines the term "dwelling unit."

{¶ 6} The Franklin County Board of Elections certified that the petition contained 946 valid signatures, more than the 251 valid signatures required to qualify for placement on the ballot. On December 14, 2015, the city council voted five to two against an ordinance to place the proposed charter amendment on the March 15, 2016 ballot.

{¶ 7} Carrier commenced this original action for a writ of mandamus on December 22, 2015, and the matter is fully briefed.

*Laches*

{¶ 8} At the outset, we reject the city council's contention that this suit is barred by laches. Laches may bar relief in an election-related matter if the person seeking relief fails to act with the " 'utmost diligence.' " *State ex rel. Monroe v. Mahoning Cty. Bd. of Elections*, 137 Ohio St.3d 62, 2013-Ohio-4490, 997 N.E.2d 524, ¶ 30, quoting *State ex rel. Fuller v. Medina Cty. Bd. of Elections*, 97 Ohio St.3d 221, 2002-Ohio-5922, 778 N.E.2d 37, ¶ 7. The elements of a laches defense are (1) unreasonable delay or lapse of time in asserting a right, (2) absence of an excuse for the delay, (3) knowledge, actual or constructive, of the injury or wrong, and (4) prejudice to the other party. *State ex rel. Polo v. Cuyahoga Cty. Bd. of Elections*, 74 Ohio St.3d 143, 145, 656 N.E.2d 1277 (1995).

{¶ 9} Eight days elapsed between the city council's vote on December 14 and the filing of this mandamus action on December 22. The city council complains that this delay was prejudicial because it resulted in this case becoming subject to the expedited election briefing schedule. *See State ex rel. Willke v. Taft*, 107 Ohio St.3d 1, 2005-Ohio-5303, 836 N.E.2d 536, ¶ 18 (holding that the element of prejudice is satisfied when the delay causes the case to become an expedited

election case, which restricts the time that the respondent has to prepare and defend the case).

{¶ 10} An election-related suit is subject to the expedited schedule if it is filed within 90 days prior to the election. S.Ct.Prac.R. 12.08(A)(1). For this election cycle, the 90th day before the March primary election was December 16, 2015. Thus, to have avoided having the expedited schedule apply to this case, Carrier would have had to file suit within 24 hours of the city council's decision. We have never required litigants to act with such haste merely to beat the expedited deadline. For this reason, we reject the defense of laches, and we proceed to consider the case on its merits.

*Legal analysis*

{¶ 11} The city council rejected the petition based on three alleged defects: (1) the absence of a title, which is required by R.C. 731.31, (2) the petition's failure to "alert petition signers to its full nature," and (3) an impermissible change to the petition form. We find these objections unpersuasive.

{¶ 12} First, we reject the claim that the petition, as drafted, violates R.C. 731.31. That statute provides that each part-petition of an initiative petition "shall contain a full and correct copy of the title and text of the proposed" measure. The purpose of the title requirement is to "immediately alert[] signers to the nature of the proposed legislation." *State ex rel. Esch v. Lake Cty. Bd. of Elections*, 61 Ohio St.3d 595, 597, 575 N.E.2d 835 (1991).

{¶ 13} Carrier's proposed amendment consists of a mere two provisions, the text of which comprises four brief paragraphs. The entire amendment, including the explanatory captions, fits easily on a single page. We see no risk that the captioning format will " 'interfere[] with the petition's ability to fairly and substantially present the issue [or] mislead electors.' " *State ex rel. Becker v. Eastlake*, 93 Ohio St.3d 502, 507, 756 N.E.2d 1228 (2001), quoting *State ex rel.*

4

*Hazel v. Cuyahoga Cty. Bd. of Elections*, 80 Ohio St.3d 165, 167, 685 N.E.2d 224 (1997). We therefore hold that the petition does not violate R.C. 731.31.

{¶ 14} The city council's second objection is that the petition fails to indicate whether it would enact entirely new law, amend preexisting law, or repeal existing law. The city council specifically complains that the proposed charter amendment contains no highlighting or underlining to identify new text. However, the city council identifies no statute that requires a petition to include such information.

{¶ 15} Finally, the city council alleges that Carrier altered the secretary of state's prescribed petition form in a way as to make it misleading. As drafted, each part-petition's signature list includes a space at the top for the names and addresses of the committee members circulating the petition. The phrase "Keep Hilliard Beautiful Committee" has been typed above the committee member names on each part-petition. The city council contends that the inclusion of the name was misleading.

{¶ 16} The city council's theory appears to be that the committee name is misleading because the measure allegedly has nothing to do with beautification. "Were such practice permissible," the city council objects, "future petition forms could bear endorsements such as 'Citizens for Security Against ISIS' or 'Citizens for Lower Taxes' that have no direct correlation to the actual measure being proposed, but is [sic] intentionally added to the form * * * so that electors are more likely to sign the petition." However, the city council does not identify the source of its alleged authority to police the names of political committees for relevance or accuracy.

{¶ 17} There was testimony before the city council that when the petitions were circulated, the Keep Hilliard Beautiful Committee had not yet been "formally established," but that the members were merely working under that name. The city

council does not explain how this fact changes the legal analysis or makes the petitions so misleading as to be ineligible for the ballot.

**{¶ 18}** The city council cites this court's statement in *Markus v. Trumbull Cty. Bd. of Elections* that ballot language "ought to be free from any misleading tendency." 22 Ohio St.2d 197, 203, 259 N.E.2d 501 (1970). That rule has always been applied to the actual ballot language, not to peripheral matters such as the name of the circulating committee. *See, e.g., State ex rel. Voters First v. Ohio Ballot Bd.*, 133 Ohio St.3d 257, 2012-Ohio-4149, 978 N.E.2d 119, ¶ 29-31.

**{¶ 19}** Because we find these objections unavailing, we grant the writ of mandamus to compel the Hilliard City Council to approve the necessary ordinance to place the initiative petition on the March 15, 2016 ballot.

Writ granted.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

_____

McTigue, McGinnis & Colombo, L.L.C., Donald J. McTigue, Mark A. McGinnis, J. Corey Colombo, and Derek Clinger, for relators.

Vorys, Sater, Seymour & Pease, L.L.P., Joseph R. Miller, Christopher L. Ingram, and Christopher A. LaRocco, for respondent.

_____