[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Gil-Llamas v. Hardin*, Slip Opinion No. 2021-Ohio-1508.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2021-OHIO-1508

THE STATE EX REL. GIL-LLAMAS ET AL. *v.* HARDIN, PRESIDENT, ET AL.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Gil-Llamas v. Hardin*, Slip Opinion No. 2021-Ohio-1508.]

*Elections—Mandamus—Writ of mandamus sought to compel Columbus City Council to submit to city electors a proposed municipal ordinance on the May 4, 2021 primary-election ballot—Council abused its discretion in finding relators' initiative petition insufficient—Although relators are not entitled to writ ordering council to place proposed ordinance on the May 4 ballot, relators are entitled to limited writ ordering council to find initiative petition sufficient and to proceed with process for an initiated ordinance under Columbus City Charter—Limited writ granted.*

(No. 2020-1466—Submitted March 30, 2021—Decided April 29, 2021.)

IN MANDAMUS.

_____

FISCHER, J.

{¶ 1} Relators, Irene Gil-Llamas, Christina L. Gonzaga, Tyrone Spence, Udell Hollins, and ProEnergy Ohio, L.L.C., seek a writ of mandamus to compel respondents, the members of the Columbus City Council—Columbus City Council President Shannon G. Hardin, President Pro Tempore Elizabeth Brown, and council members Rob Dorans, Mitchell J. Brown, Shayla Favor, Emmanuel V. Remy, and Priscilla R. Tyson (collectively, "the council")—to submit to city of Columbus electors a proposed municipal-ordinance initiative on the May 4, 2021 primary-election ballot. The council declined to submit the initiative to the electors because it found relators' initiative petition deficient in form.

{¶ 2} We hold that relators have demonstrated by clear and convincing evidence that the council abused its discretion in finding relators' initiative petition insufficient. Although relators are not entitled to the full relief that they seek in mandamus—a writ ordering the council to place the proposed ordinance on the May 4, 2021 primary-election ballot—we hold that relators are entitled to a limited writ of mandamus ordering the council to find the petition sufficient and to proceed with the process for an initiated ordinance under Columbus City Charter Section 43-1 et seq.

## I. BACKGROUND

### A. Overview of the Initiative Process Under the Columbus City Charter

{¶ 3} Under the home-rule powers granted to municipalities by the Ohio Constitution, a municipality's charter may contain provisions that govern the initiative and referendum process for local ordinances. *State ex rel. Harris v. Rubino*, 155 Ohio St.3d 123, 2018-Ohio-3609, 119 N.E.3d 1238, ¶ 15-16; *see generally* Ohio Constitution, Article XVIII, Sections 3 and 7. The Columbus City Charter does so. *See* Charter Sections 42 through 42-15 and 43 through 43-4.

{¶ 4} When an initiative petition proposing a Columbus ordinance is filed with the city, the city attorney must advise the city council on the legal sufficiency of the petition. *Id.* at Section 42-9. Further, the city clerk must forward the petition

to the board of elections and the board must determine the number of valid signatures on the petition. *Id.* Upon receipt of a report regarding the number of valid signatures on the petition, the council must determine the sufficiency of the petition. *Id.* at Section 43-1. If the council finds the petition sufficient, it must vote within 30 days to either adopt the proposed ordinance or submit it to a vote of the city's electors. *Id.*

## B. Relators' Proposed Ordinance

{¶ 5} Gil-Llamas, Gonzaga, Spence, and Hollins are members of a committee formed by ProEnergy Ohio, L.L.C., whose purpose is to gather signatures for an initiative petition proposing a Columbus ordinance and to support the ordinance's passage. The proposed ordinance would require the city to establish four separate funds totaling $87 million, including (1) a $10 million "Energy Conservation and Energy Efficiency Fund," (2) a $10 million "Clean Energy Education and Training Fund," (3) a $10 million "Minority Business Enterprise Clean Energy Development Fund," and (4) a $57 million "Columbus Clean Energy Partnership Fund."

{¶ 6} On October 16, 2020, relators filed their initiative petition with the city clerk under Columbus City Charter Section 42-7. As required by Charter Section 42-9, the city clerk forwarded a copy of the petition to the city attorney and the Franklin County Board of Elections. The board certified the petition as containing a sufficient number of valid signatures for placement on the ballot. The city attorney, however, advised the council that the petition was deficient under Charter Section 42-2(e), because it did not include a title that sufficiently described the content of the proposed ordinance. Consistent with the city attorney's advisement, the council found that relators' initiative petition failed to meet the mandatory requirements established in the Columbus City Charter and passed an ordinance stating that relators' initiative would not be submitted to the Columbus electors.

{¶ 7} Relators commenced this action on December 4, 2020, seeking a writ of mandamus to compel the council to submit the proposed ordinance to the electors on the May 4, 2021 primary-election ballot. This court denied the council's motion to dismiss, granted an alternative writ, and set a schedule for the submission of evidence and merit briefs. 161 Ohio St.3d 1424, 2021-Ohio-320, 162 N.E.3d 803. The parties filed evidence and merit briefs. Relators also filed "supplemental evidence" and "amended evidence" beyond the deadline for the submission of evidence and without leave of court. Relators filed objections to the council's evidence, and the council filed a motion to strike relators' supplemental evidence. Relators also filed a motion to expedite this matter.

## II. EVIDENTIARY ISSUES

{¶ 8} Before we address the merits of this case, we resolve several evidentiary issues that have arisen during the course of this litigation. For the reasons stated below, we overrule relators' objections to the council's evidence, grant the council's motion to strike relators' supplemental evidence, and sua sponte strike relators' amended evidence.

### A. Relators' Objections to the Council's Evidence

{¶ 9} Relators object on relevance grounds to two pieces of evidence submitted by the council: (1) Exhibit A-5, which is a copy of an envelope postmarked November 25, 2020, and addressed to Gonzaga at the Columbus address listed on the precirculated copy of relators' initiative petition, and which is marked "return to sender" and has a forwarding address in Houston, Texas, and (2) Exhibit B, which is a certified copy of a Franklin County indictment of "John A. Clark Jr. AKA John Alexander Clarke Jr." for felony election falsification and felony tampering with records. We overrule relators' objections to that evidence.

{¶ 10} Relators argue that Exhibit A-5, the copy of the envelope submitted by the council, is not relevant to whether Gonzaga was a Columbus elector when the initiative petition was circulated for signatures, because the mailing of the

envelope occurred after the initiative petition was filed. Relators also argue that Exhibit A-5 is "a transparent attempt to accuse the Relators of lying that Ms. Gonzaga was a resident and elector of the City of Columbus," and is inadmissible under Evid.R. 403(A) because its probative value is substantially outweighed by the danger of unfair prejudice and confusion of the issues. The council argues that Exhibit A-5 is directly relevant to whether Gonzaga was a qualified elector of Columbus.

{¶ 11} Relevant evidence is "evidence having *any* tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." (Emphasis added.) Evid.R. 401. We agree with the council that the envelope exhibit is relevant in this matter and is thus admissible under Evid.R. 402 (relevant evidence is generally admissible) and that its probative value outweighs any alleged undue prejudice and does not confuse the issues, Evid.R. 403(A). Therefore, we overrule relators' objections to the admission of the council's Exhibit A-5.

{¶ 12} Relators also argue that the council's Exhibit B, the certified copy of the indictment, is inadmissible because it is irrelevant and is unduly prejudicial and confuses the issues before this court. The council argues that this evidence is relevant to its argument that the proposed ordinance's title is misleading. It is true that Exhibit B has little relevance regarding whether the proposed ordinance's title is misleading or is otherwise invalid under Columbus City Charter Section 42-2(e). But this court considers only relevant, material, and competent evidence. *See State v. Bays*, 87 Ohio St.3d 15, 28-29, 716 N.E.2d 1126 (1999) (the court is presumed to have considered only relevant, material, and competent evidence; the court is presumed to have been unaffected by allegedly inflammatory evidence). Therefore, we overrule relators' objection to the council's Exhibit B.

### B. The Council's Motion to Strike Relators' Supplemental Evidence

{¶ 13} On March 2, 2021, relators filed supplemental evidence—an affidavit of relator Gonzaga—to rebut any assertion that Gonzaga was not a qualified elector of Columbus, Ohio. The council moved to strike that evidence as untimely because it was filed after this court's deadline for submitting evidence. Relators oppose the council's motion to strike the evidence, arguing that they are entitled to present rebuttal evidence under this court's decision in *Phung v. Waste Mgt. Inc.*, 71 Ohio St.3d 408, 410-411, 644 N.E.2d 286 (1994), and that in any event, S.Ct.Prac.R. 3.13 allows them to amend their evidence. Thus, relators argue that their supplemental evidence was timely filed. Relators are wrong.

{¶ 14} This court's decision in *Phung* is inapposite. In *Phung*, we held that in the context of *a trial*, a party has "an unconditional right" to present rebuttal evidence in response to evidence submitted in the opposing party's case-in-chief. *Id.* at 411. But this is an extraordinary-writ proceeding in which this court ordered the parties to submit "any evidence they intend[ed] to present" by a deadline, 161 Ohio St.3d 1424, 2021-Ohio-320, 162 N.E.3d 803. And relators' reliance on S.Ct.Prac.R. 3.13(A) is misplaced. Although that rule allows a party to "make corrections or additions to a previously filed document," division (B) of the rule provides that the revised document "shall be filed within the time permitted by the[] rules," S.Ct.Prac.R. 3.13(B). Because we set a deadline for the submission of evidence under S.Ct.Prac.R. 12.05, which relators failed to meet, relators' submission of its supplemental evidence was untimely. Finally, relators failed to seek leave of this court to file the supplemental evidence. Accordingly, we grant the council's motion to strike relators' supplemental evidence.

### C. We Strike Relators' Untimely Amended Evidence

{¶ 15} Relators filed their amended evidence to make corrections and add to their earlier filed evidence. Relators purported to file their amended evidence under S.Ct.Prac.R. 3.13(A), declaring that the submission "relat[es] back" to their

original evidence filing. But relators are mistaken, as there is no provision in S.Ct.Prac.R. 3.13(A) allowing evidence to relate back to earlier filed evidence. Because relators' submission of the amended evidence was untimely, they had to first seek leave of this court before they submitted their amended evidence. Because they did not do so, we will not consider the amendments to relators' evidence submitted on March 11, 2021.

### D. Relators' Argument that Certain Facts in Their Complaint Are Uncontroverted

{¶ 16} Relators also argue that even in the absence of their supplemental and amended evidence, Gonzaga's status as a qualified elector of Columbus and the content of the signed version of their initiative petition filed with the city on October 16, 2020, are still uncontroverted. Specifically, relators argue that because the council did not file an answer to relators' complaint within 14 days after this court denied the council's motion to dismiss the complaint, the facts alleged by relators in their complaint should be deemed admitted under Civ.R. 8(D). *See also* Civ.R. 12(A)(2)(a) (when a defendant files a motion to dismiss in lieu of an answer to a complaint, the responsive pleading is due within 14 days after notice of the court's denial of the motion).

{¶ 17} In original actions filed in this court, the Rules of Civil Procedure supplement this court's rules of practice "unless [they are] clearly inapplicable." S.Ct.Prac.R. 12.01(A)(2)(b). In this case, Civ.R. 12(A)(2)(a) is clearly inapplicable. When we denied the council's motion to dismiss, we granted an alternative writ and set a schedule for the presentation of evidence and briefing under S.Ct.Prac.R. 12.05. The grant of an alternative writ supersedes the operation of Civ.R. 12(A)(2)(a). Simply put, our rules do not contemplate an answer being filed after we grant an alternative writ. When denying a motion to dismiss and ordering a respondent to file an answer to the complaint in an original action, this court has specified such a procedure and not granted an alternative writ. *See, e.g.,*

*State ex rel. Moir v. Kovack*, 142 Ohio St.3d 1474, 2015-Ohio-2104, 31 N.E.3d 653; *State ex rel. Schiffbauer v. Banaszak*, 141 Ohio St.3d 1486, 2015-Ohio-842, 26 N.E.3d 822.   Accordingly, the council's failure  to file an answer to the complaint is of no consequence here.

{¶ 18} In sum, the factual allegations in relators' complaint are not deemed admitted.   The evidence properly before this court consists of relators' evidence filed on February 16, 2021, and the council's evidence filed on February 23. Relators' supplemental and amended evidence is stricken.

### III.  ANALYSIS OF RELATORS' MANDAMUS CLAIM

{¶ 19} To be entitled to a writ of mandamus, relators must establish (1) a clear legal right to the requested relief, (2) a clear legal duty on the part of respondents to provide it, and (3) the lack of an adequate remedy in the ordinary course of the law.  *State ex rel. Oberlin Citizens for Responsible Dev. v. Talarico*, 106 Ohio St.3d 481, 2005-Ohio-5061, 836 N.E.2d 529, ¶ 11.  Relators must prove those requirements by clear and convincing evidence.  *State ex rel. Scott v. Franklin Cty. Bd. of Elections*, 139 Ohio St.3d 171, 2014-Ohio-1685, 10 N.E.3d 697, ¶ 14.

{¶ 20} In order for relators to establish a clear legal right to relief and a clear legal duty of the council to provide it, relators must show that the council engaged in fraud or corruption or abused its discretion in refusing to submit the proposed ordinance for placement on the ballot.  *See State ex rel. Nauth v. Dirham*, 161 Ohio St.3d 365, 2020-Ohio-4208, 163 N.E.3d 526, ¶ 11-13.  Because relators do not allege fraud or corruption, this court must determine whether relators have shown that the council abused its discretion.  *Id.* at ¶ 13.  We hold that relators have met that burden.

## A.  The Council Abused Its Discretion in Finding Relators' Petition Insufficient

### 1. *Absence of the Signed Petition Is Not Fatal to Relators' Claim*

{¶ 21} The council argues that relators cannot show an entitlement to mandamus relief because the signed version of the initiative petition that relators filed with the city of Columbus on October 16, 2020, is not in evidence.  Relators included with their complaint and evidence a copy of only the precirculated petition.  Although relators attempted to file with this court the signed version of the petition as Exhibit 10 to their amended evidence, as discussed above, this court must disregard the amended evidence because it was untimely filed without leave of court, *see* 161 Ohio St.3d 1424, 2021-Ohio-320, 162 N.E.3d 803.  Nevertheless, the question of the sufficiency of the petition is still before this court.

{¶ 22} Relators submitted as evidence the precirculated copy of the petition, which was filed with the city clerk in October 2019.  The parties do not dispute that relators also filed with the city clerk a copy of the initiative petition with the electors' signatures on October 16, 2020, which was forwarded to the city attorney for review.  The city attorney reviewed the copy and reported the alleged deficiencies in the petition to the council on November 6, 2020.  Notably, the city attorney stated: "The form and content of the part-petitions filed on October 16, 2020 are the same as that of the pre-circulation filing * * *."  Thus, we may examine the content of the precirculated version of the petition submitted as evidence in order to determine the sufficiency of the signed version of the petition.

### 2. *The Council Abused Its Discretion in Determining that the Petition Is Insufficient for Failure to Comply with the Columbus City Charter's Requirement for the Title of the Proposal*

{¶ 23} The council specifically rejected relators' proposal for placement on the ballot for failure to comply with the title requirement for proposed ordinances under Section 42-2(e) of the Columbus City Charter.  More specifically, the council

argues that the proposed ordinance's title omits a reference to (1) the establishment of a "Minority Business Enterprise Clean Energy Development Fund" and (2) the fact that the ordinance would delegate the city's contracting authority to private parties.

{¶ 24} The purpose of the title requirement is to immediately alert signers to the nature of the proposed legislation. *See State ex rel. Carrier v. Hilliard City Council*, 144 Ohio St.3d 592, 2016-Ohio-155, 45 N.E.3d 1006, ¶ 12. While omitting a title altogether is a fatal defect "because it interferes with a petition's ability to fairly and substantially present the issue and might mislead electors," *Christy v. Summit Cty. Bd. of Elections*, 77 Ohio St.3d 35, 38, 671 N.E.2d 1 (1996), the council does not argue that the proposed ordinance completely lacks a title. Rather, the council contends that the proposed ordinance's title does not adequately summarize the totality of its substance. The council further emphasizes that the title requirement in Charter Section 42-2(e) is more demanding than those for municipal-ordinance-initiative titles under R.C. 731.31.

{¶ 25} Although Charter Section 42-2(e), which requires a title to "clearly and without argument describe the proposed ordinance," controls over the general provisions regarding ordinance initiatives in the Revised Code, *see* R.C. 731.41, the council's argument that relators' title omits required information is problematic, if not unreasoned, on its face. The proposed ordinance's title, which is more than *150 words* long as it is, already sufficiently describes the substance of the proposed ordinance. The title states that the proposed ordinance would require the city auditor to transfer from the general fund (1) $10 million to an "Energy Conservation and Energy Efficiency Fund," (2) $10 million to a "Clean Energy Education and Training Fund," (3) $10 million for the purpose of funding a minority-business-development program, and (4) $57 million for the purpose of funding an electricity-subsidy program for Columbus residents. The title therefore describes the ordinance and what it would principally do: provide for the expenditure of $87

million for specific purposes. The title more than adequately describes the substance of the proposed ordinance.

{¶ 26} The omission in the title of the name of the minority-business-development fund sought to be created (the "Minority Business Enterprise Clean Energy Development Fund") does not make the title's description of the ordinance inaccurate. Nor does the title's lack of a specific reference to the fact that the ordinance would potentially cause funds to be transferred to private entities for expenditure render the title deficient.

{¶ 27} At its core, the proposed ordinance calls for the city to allocate a significant amount of public funds for specific purposes relating to clean energy and minority-business enterprises involving clean energy. The title states the amount of money that the ordinance would commit the city to spend and the purposes of the expenditures. While the mechanics of how the money would be spent is significant as a matter of city policy, the omission of this detail from the title of the proposed ordinance does not make the title deficient under Section 42-2(e) of the Columbus City Charter.

{¶ 28} Perhaps recognizing this, the council essentially argues that the title is deficient because it does not fully capture every facet of the proposed ordinance. But the Columbus City Charter requires a title, not a summary. *See* Charter Section 42-2(e) and (f).

{¶ 29} Indeed, Charter Section 42-2(e) specifically requires a proposal to have a title and Charter Section 42-2(f) expressly rejects the requirement of a summary. It is only in the event that the council finds that an initiative petition satisfies the Charter's requirements and submits the proposed ordinance to the electors that "*city council* shall prescribe a brief summary of [the proposed ordinance], which shall be accurate, shall not be misleading, and shall be without material omission or arguments." (Emphasis added). *Id.* at Section 43-3. In contrast, a title need only "describe the proposed ordinance." *Id.* at Section 42-

2(e). While the features of the proposed ordinance cited by the council might be required for a *summary* of the ordinance, their omission does not render its *title* deficient under the Columbus City Charter.

**{¶ 30}** The council also argues that the title of the proposed ordinance rendered the petition misleading. But absent evidence that the title had the potential to mislead the initiative petition's signers, the title's failure to capture every detail of the proposed ordinance is not a basis for invalidating the petition. *See Christy*, 77 Ohio St.3d at 38, 671 N.E.2d 1; *Stutzman v. Madison Cty. Bd. of Elections*, 93 Ohio St.3d 511, 515, 757 N.E.2d 297 (2001). Crucially, the council presents no such evidence here.

**{¶ 31}** Instead, the council argues that the title "could have easily misled signatories" because the title does not specify that the proposed ordinance would result in a "marked departure from typical public expenditure and procurement practices." That argument, though, overlooks the fact that the full text of the proposed ordinance was included with the part-petitions that were circulated for signatures.

**{¶ 32}** "Generally, inclusion of the full text of an amendment or ordinance on a petition satisfies all constitutional and statutory requirements * * * because the full text * * * usually fairly and substantially presents the issue to petition signers." *State ex rel. Hackworth v. Hughes*, 97 Ohio St.3d 110, 2002-Ohio-5334, 776 N.E.2d 1050, ¶ 33. In this case, that means that relators provided signatories with the specific information the council complains is missing from the title.

**{¶ 33}** Thus, while it is true that under the home-rule powers granted to municipalities by the Ohio Constitution, municipalities have some authority to enact their own procedures and requirements as to initiative petitions, *Rubino*, 155 Ohio St.3d 123, 2018-Ohio-3609, 119 N.E.3d 1238, at ¶ 15-16, in this case, the council applied Section 42-2(e) of the Columbus City Charter unreasonably to require the title to be so detailed as to be a summary of the proposed ordinance,

even though the Charter does not require a summary. For these reasons, the council's decision finding the petition insufficient as to its form was an abuse of discretion.

*3. The Composition of the Committee's Membership Did Not Create a Deficiency in Relators' Initiative Petition*

{¶ 34} The council also argues that relators' initiative petition is deficient because, in their view, relator Gonzaga was not a qualified elector of the city of Columbus, and Williams has passed away and "is no longer a petition committee member." These arguments are without merit.

{¶ 35} Charter Section 42-3 requires an initiative petition to "bear the names of five qualified electors of the city of Columbus, who shall represent the petitioners in all matters relating to such petitions and shall be known as the petition committee." Gonzaga and Williams are two of the committee members listed on the initiative petition.

{¶ 36} Relying on a returned envelope submitted as evidence showing a Houston, Texas forwarding address for Gonzaga, the council contends that Gonzaga is no longer a qualified elector and that relators thus failed to abide by Columbus City Charter Section 42-3. However, relator Gil-Llamas has testified by affidavit that Gonzaga was a qualified elector of Columbus when the initiative petition was circulated. The council's evidence does not refute this testimony. All that the returned envelope shows is that Gonzaga had a forwarding address in Houston, Texas on November 25, 2020, after the initiative petition had been filed with the city. The forwarding address does not necessarily mean that Gonzaga was no longer a qualified elector of Columbus at that time, much less that she was no longer a qualified elector during the time that the initiative petition was circulated and filed. Therefore, this is not a valid reason to find relators' petition insufficient.

{¶ 37} The council also argues that because Williams has passed away, the petition committee lacks a sufficient number of members under the Columbus City

Charter. The filing of the petition, the city attorney's issuance of its memorandum regarding the petition, the Franklin County Board of Elections' certification of the petition, and the city clerk's reading of the signature-validation report all predated Williams's death. The council found the petition insufficient on the *same day* that Williams passed away. The evidence thus demonstrates that Williams was a qualified elector at all times pertinent to the petition process. Had the council not abused its discretion, Williams's death would not be an issue here.

{¶ 38} But regardless, the council's arguments regarding the composition of the committee are without merit. The council makes a sweeping argument that Williams's death caused the petition committee to have an insufficient number of members and that the petition was therefore invalid, but it provides no legal support for that argument. This court will not supply such support on its behalf. We therefore reject the council's assertion that Williams's death is a valid reason to find relators' petition insufficient.

### 4. *Relators Are Entitled to a Limited Writ of Mandamus*

{¶ 39} For the reasons set forth above, the council abused its discretion in finding relators' petition insufficient. But for a writ to issue, relators must demonstrate that they are entitled to the relief sought. *Oberlin Citizens for Responsible Dev.*, 106 Ohio St.3d 481, 2005-Ohio-5061, 836 N.E.2d 529, at ¶ 11. "[T]he relator has the burden to show the existence of a legal right and a legal duty that are clear." *State ex rel. Syx v. Stow City Council*, 161 Ohio St.3d 201, 2020-Ohio-4393, 161 N.E.3d 639, ¶ 27.

{¶ 40} Relators argue that the council was wrong to find their petition insufficient, and they seek a writ of mandamus "ordering [the council] to submit Relators' proposed Columbus City Ordinance for a vote of the electors in the May 4, 2021 Primary Election." But relators cannot demonstrate a clear legal right to have the proposed ordinance submitted to the Columbus electors at the May 4 primary election.

14

{¶ 41} If the council had found relators' initiative petition sufficient, Columbus City Charter Section 43-1 dictates what would have happened next:

Should the council find [an ordinance-initiative] petition sufficient, it shall vote within thirty days to either adopt the proposed ordinance without alteration, or by ordinance forthwith order and provide for the submission of such proposed ordinance in its original form to a vote of the electors of the city.

{¶ 42} Thus, the city council's finding that a petition is sufficient does *not* automatically mean that the proposed initiative goes on the ballot. Rather, a sufficiency finding by the city council triggers a requirement that it take further action—adopting the ordinance or submitting it to the electors—within 30 days.

{¶ 43} And even if the council had found relators' petition sufficient and decided to submit it to the electors, the proposed initiative would not necessarily go on the May 4 primary-election ballot. If the council, by ordinance, chooses to submit a proposed initiative to the electors, the Charter provides the following:

The aforesaid ordinance [submitting the proposed ordinance to the electors] shall require that such proposed ordinance be submitted at the next regular municipal election if one shall occur not less than sixty nor more than one-hundred-twenty days after its passage. If no such election will be held within the period herein provided, the council shall, *at its sole discretion*, order and provide for the submission of such proposed ordinance to a vote of the electors of the city at either a special election within such period, or at the next regular municipal election.

(Emphasis added.) Columbus City Charter Section 43-2. Thus, even if the council had found relators' petition sufficient on November 25, 2020 (i.e., the date of the ordinance finding relators' petition insufficient), *and* voted within 30 days to submit the proposed ordinance to the electors, there was no "regular municipal election" that occurred within the 60-to-120-day parameter mandated in Charter Section 43-2. *See id.* at Section 41(a) (defining "regular municipal elections" as those occurring in November of odd-numbered years). Thus, under Charter Section 43-2, it was within the council's "sole discretion" to either order a special election or submit the initiative for a vote at the next regular municipal election, which will occur on November 2, 2021. To the extent that relators seek a writ of mandamus ordering the council to submit the proposed ordinance at a special election on the May 4 primary-election ballot, they are not *entitled* to such relief, because the calling of a special election is at the council's *sole discretion*. A writ of mandamus will not issue to control the discretion of a municipality's legislative authority. *State ex rel. Obojski v. Perciak*, 113 Ohio St.3d 486, 2007-Ohio-2453, 866 N.E.2d 1070, ¶ 20.

{¶ 44} But this court will not entirely foreclose relators' request for relief. In addition to the specific relief sought by relators, they have also requested "such other relief that this Court deems just and proper." Just and proper relief is a limited writ of mandamus ordering the council to proceed with relators' initiative petition under the process set forth for initiated ordinances under Columbus City Charter Section 43-1 et seq.

{¶ 45} This ruling is not unprecedented for this court. Indeed, this court has granted a limited writ of mandamus under similar circumstances. *See, e.g.*, *State ex rel. Dunn v. Plain Local School Dist. Bd. of Edn.*, 159 Ohio St.3d 139, 2020-Ohio-339, 149 N.E.3d 460, ¶ 26 (granting a "limited writ of mandamus" ordering performance of "duties required by law for the potential placement of the proposal" on the ballot). Because the council abused its discretion in finding relators'

initiative petition insufficient, a limited writ of mandamus requiring the council to go forward with the process set forth in Charter Section 43-1 et seq. is appropriate.

## IV. CONCLUSION

{¶ 46} We hold that the council abused its discretion in finding relators' initiative petition insufficient and grant relators a limited writ of mandamus ordering the council to find the petition sufficient and to proceed with the process for an initiated ordinance under Columbus City Charter Section 43-1 et seq. And as noted above, we overrule relators' objections to the council's evidence and grant the council's motion to strike relators' supplemental evidence. We sua sponte strike relators' amended evidence and deny relators' motion to expedite as moot.

Limited writ granted.

O'CONNOR, C.J., and DEWINE, DONNELLY, and STEWART, JJ., concur.

KENNEDY, J., dissents, with an opinion.

BRUNNER, J., dissents.

_____

**KENNEDY, J., dissenting.**

{¶ 47} In this case, relators, Irene Gil-Llamas, Christina L. Gonzaga, Tyrone Spence, Udell Hollins, and ProEnergy Ohio, L.L.C., seek a writ of mandamus ordering respondents, Columbus City Council President Shannon G. Hardin, President Pro Tempore Elizabeth Brown, and council members Rob Dorans, Mitchell J. Brown, Shayla Favor, Emmanuel V. Remy, and Pricilla R. Tyson (collectively, "the council"), "to submit Relators' proposed Columbus City Ordinance for a vote of the electors in the May 4, 2021 Primary Election." This is the only specific mandamus relief that relators seek. The majority determines that relators cannot have that relief. That determination should end this case. Therefore, I dissent from the majority's judgment granting a limited writ.

{¶ 48} To be entitled to a writ of mandamus, relators must establish (1) a clear legal right to the requested relief, (2) a clear legal duty on the part of

respondents to provide it, and (3) the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Oberlin Citizens for Responsible Dev. v. Talarico*, 106 Ohio St.3d 481, 2005-Ohio-5061, 836 N.E.2d 529, ¶ 11. Relators must prove those requirements by clear and convincing evidence. *State ex rel. Scott v. Franklin Cty. Bd. of Elections*, 139 Ohio St.3d 171, 2014-Ohio-1685, 10 N.E.3d 697, ¶ 14.

{¶ 49} Relators argue that the council was wrong to find their petition insufficient, and they seek a writ of mandamus "ordering [the council] to submit Relators' proposed Columbus City Ordinance for a vote of the electors in the May 4, 2021 Primary Election." But in this case, we need not reach the question whether the council erred in finding the initiative petition insufficient. The majority agrees that even if relators' petition is sufficient under the Columbus City Charter, they have not shown a clear legal right to have their petition submitted to the Columbus electors at the May 4 primary election or a clear legal duty on the part of the council to submit it at the election.

{¶ 50} But despite that determination, the majority grants relators something that they do not seek: an order instructing the council to find relators' initiative petition sufficient and to follow the Columbus City Charter's process for the consideration of an initiated ordinance. Even if the council had found relators' initiative petition sufficient of its own volition, Columbus City Charter Section 43-1 does not require the council to place the proposal on the May 4, 2021 ballot. Nothing further can happen until the council either adopts the ordinance itself without alteration or "by ordinance forthwith order[s] and provide[s] for the submission of such proposed ordinance in its original form to a vote of the electors of the city." *Id.* Charter Section 43-2 then states:

> The aforesaid ordinance [submitting the proposed ordinance to the electors] shall require that such proposed ordinance be submitted at the next regular municipal election if one shall occur

not less than sixty nor more than one-hundred-twenty days after its passage. If no such election will be held within the period herein provided, the council shall, *at its sole discretion*, order and provide for the submission of such proposed ordinance to a vote of the electors of the city at either a special election within such period, or at the next regular municipal election.

(Emphasis added.)

{¶ 51} Therefore, in granting the limited writ, the majority forces the council to decide either to adopt the proposed ordinance itself or to determine at which election it should be put before the people for a vote. If only relators had thought to ask for that relief, it might be appropriate. But today, the majority provides the mandamus request as well as the relief. That decision is counter to the core elements of a mandamus claim: "[I]n a mandamus case, the *relator* has the burden to show the existence of a legal right and a legal duty that are *clear*." (Emphasis sic.) *State ex rel. Syx v. Stow City Council*, 161 Ohio St.3d 201, 2020-Ohio-4393, 161 N.E.3d 639, ¶ 27. It is not the province of this court to take on relators' burden in mandamus.

{¶ 52} The majority explains that this court has issued a limit writ before, offering the example of *State ex rel. Dunn v. Plain Local School Dist. Bd. of Edn.*, 159 Ohio St.3d 139, 2020-Ohio-339, 149 N.E.3d 460. In that case, citizens sought a writ of mandamus ordering a school board to certify to the board of elections a proposal to transfer territory from one school district to another and an order compelling the elections board to place the proposal on the March 17, 2020 ballot, *id.* at ¶ 1, 2, 6. In granting a limited writ, this court required the school board to forward the proposal to the board of elections, but we did not order the board of elections to put the proposal on the ballot, because the board of elections had remaining statutory duties to review and examine the petition under R.C.

3501.11(K)(1) and to perform any other duties required by law for the potential placement of the proposal on the March 17, 2020 ballot. *Id*. at ¶ 26. This court concluded, "If the board determines that the petition otherwise meets the requirements established by law, then it *shall* place the proposal on the March 17 ballot notwithstanding the 90-day requirement set forth in R.C. 3311.242(B)(2)." (Emphasis added.) *Id*.

{¶ 53} Therefore, the ultimate aim of the mandamus complaint in *Dunn*— the placement of the transfer proposal on the March 17, 2020 ballot—was enforceable in mandamus. And the relators in *Dunn* had specifically sought the relief this court ordered against the school board. This court did not order the next step of relief that the relators sought against the board of elections.

{¶ 54} Here, relators do not seek separate relief from different governmental entities such that relief as to only one of those entities is appropriate. And, unlike in *Dunn*, the ultimate aim of relators' mandamus complaint in this case is not achievable.

{¶ 55} Relators are required to seek appropriate relief in mandamus. In *State ex rel. Maxcy v. Saferin*, 155 Ohio St.3d 496, 2018-Ohio-4035, 122 N.E.3d 1165, the relators sought a writ of mandamus ordering the board of elections to place a proposed city-charter amendment on the ballot; the board of elections had rejected the proposed amendment because it contained provisions that it said were beyond the power of the city to enact by initiative. *Id.* at ¶ 1, 5. This court held that the board of elections did not have the authority to determine whether a proposed amendment to a municipal charter falls within the scope of authority to enact via initiative. *Id.* at ¶ 13, 22. We held that a board of elections plays only a ministerial role once a city council has passed an ordinance to place a proposed charter amendment on the ballot. *Id.* at ¶ 19. Even though this court held that the board of elections did not have the power to keep the proposed ordinance off the ballot, we did not grant a writ of mandamus ordering the proposed charter

amendment to be placed on the ballot, because the city council had failed to pass an ordinance submitting the proposed ordinance to the electors. *Id.* at ¶ 19-24. We determined, "The city council failed to fulfill that duty in the first instance, but relators have not named it as a party in this mandamus action or sought a writ compelling it to comply with that duty." *Id.* at ¶ 22. The relators in *Maxcy* had therefore failed to seek the correct relief, and despite the fact that they were correct that the board of elections had acted outside its authority, we did not order the proposed charter amendment to be placed on the ballot.

{¶ 56} Like the relators in *Maxcy*, relators here did not seek the correct relief. So why would we engage in an act beyond the requested relief? Relators have no legal right and the council has no legal duty to place the proposed ordinance on the ballot for the May 4, 2021 election. It is unnecessary for this court to decide more than that. Simply denying the writ is consistent with our duty not to issue advisory opinions and is faithful to " 'the cardinal principle of judicial restraint— if it is not necessary to decide more, it is necessary not to decide more,' " *State ex rel. LetOhioVote.org v. Brunner*, 123 Ohio St.3d 322, 2009-Ohio-4900, 916 N.E.2d 462, ¶ 51, quoting *PDK Laboratories, Inc. v. United States Drug Enforcement Administration*, 362 F.3d 786, 799 (D.C.Cir.2004) (Roberts, J., concurring in part and in judgment).

{¶ 57} Therefore, because I would deny relators' request for a writ of mandamus and would not issue a limited writ, I dissent.

––––––––––––––––

Fitrakis & Gadell-Newton, L.L.C., Robert J. Fitrakis, and Constance A. Gadell-Newton, for relators.

Zach Klein, Columbus City Attorney, and Richard N. Coglianese and Rebecca E. Wilson, Assistant City Attorneys, for respondents.

––––––––––––––––